## MATTER OF PATTERSON

### Application for Permission to Accept Employment

### OMA 214f

*Decided by Acting District Director July 21, 1975*

(1) Application by a nonimmigrant student for permission to accept part-time off-campus employment because of economic necessity is denied since under the provisions of 8 CFR 214.2(f)(6) he is ineligible therefore (1) because of inability to establish economic necessity when at the time of submission of the application he had sufficient funds to cover his expenses through the next two academic years, and (2) because of failure of the authorized school official to certify that the employment will not interfere with the student's ability to carry successfully a full course of study.

(2) A prospective employer's inability to fill locally the position offered the applicant is not a factor germane to the consideration of a nonimmigrant student's application to accept part-time employment because of economic necessity.

DISCUSSION: The applicant is a 26-year-old native and citizen of Australia who arrived in the United States on March 15, 1975, and was admitted until March 15, 1976, as a nonimmigrant student to attend Palmer College of Chiropractic, Davenport, Iowa. At the time of his admission as a student he indicated that he was financially able to support himself for the entire period of his stay in the United States while pursuing a full course of study. He had previously alleged he would have approximately $11,000 Australian, ($14,500 U.S.) by the time he departed Australia. The school indicated that the academic-year cost for tuition and fees was $1,650.00, and the average academic-year cost of living incidental expenses was estimated to be $3,800.00, for a total of $5,450.00 per academic-year.

On July 10, 1975, the applicant prepared an application for permission to accept employment. He states in his application that his application does not specifically come under the criteria of employment needed because of economic necessity which arose as a result of an unforeseen change in financial circumstances, but since his tuition fees will rise $1,000 over the next three-year period, and will undoubtedly rise even more, the small remuneration from employment will cover his extra tuition cost. He states that the main reason for his application is that his prospective employer has asked him to work as they are unable to find a

qualified person to do the job. His prospective employment would be in radiography in the X-Ray department at a local hospital on weekends.

The applicant indicates his yearly expenses to be up $460 from the yearly expenses at the time of his initial entry as a student. The increase includes tuition, up $400, and other general personal items, up $60. The room and board amounts remain the same. He indicates no outside source of income, and that his means of support while in the United States is: "living on our savings."

The authorized school official, in completing Part IV of the application certifies that the applicant is taking a full course of studies at the school, but did not certify that the employment will not interfere with the applicant's ability to carry successfully a full course of study.

Title 8, Code of Federal Regulations, Part 214.2(f)(6), provides, in pertinent part, that if a student requests permission to accept part-time employment because of economic necessity, he must establish that the necessity is due to unforeseen circumstances arising subsequent to entry, and an authorized school official must certify that the part-time employment will not interfere with the student's ability to carry successfully a full course of study.

The applicant has failed to establish that he has economic necessity due to unforeseen circumstances. He was to have in his possession at the time of his entry $14,500, and since he has been in the United States for four months only, he would have expended only a minor portion of that money, approximately one-third of his first year's expenses leaving him approximately $13,000 at his disposal. A student applicant for permission to accept part-time employment may not be found to have economic necessity when it is established that he has sufficient funds available to carry him through the coming years while attending school. The claim that tuition, fees, and the cost of living will "undoubtedly" rise over the coming years is purely speculative on the applicant's part and may not be considered as fact in determining whether necessity is due to unforeseen circumstances, especially in light of the fact that the applicant presumes to have sufficient funds to carry him through the next two years.

The claim that the applicant would be occupying a position that cannot be filled locally is not a condition to be considered in deciding the merits of a student application for permission to accept part-time employment. The only facts to be considered are whether the applicant has established economic necessity, and whether or not the necessity arose as the result of a change in financial circumstances that could not have been foreseen by the applicant when he entered the United States. Local employment availability, or unavailability, is not a determining factor regardless of the circumstances.

The applicant has not established that he has need for employment,

399

nor has the authorized school official made the required certification. The application will be denied.

**ORDER:** *It is ordered* that the application for permission to accept part-time employment be denied.